STATE EX REL. HUTCHINSON ET AL. *v.* CHIPMAN, JUDGE.

[No. 26,868. Filed June 9, 1937.]

*Hickey & Dilworth,* for appellants.

*Walter R. Arnold,* for appellee.

FANSLER, C. J.—This is an original action seeking to mandate the respondent judge and court to comply with the mandate of this court in Cause No. 26651, *Hutchinson's Estate et al.* v. *Arnt et al.* (1936), 210 Ind. 509, 1 N. E. (2d) 585, 4 N. E. (2d) 202.

The relief prayed is that they be mandated to disregard and hold for naught the special findings of facts

and conclusions of law and judgment of the LaPorte Superior Court in the case referred to, and proceed with reasonable diligence to determine which of the chattels in the possession of Emma Hutchinson at the time of her death were her individual property and which were a part of the estate of William B. Hutchinson, deceased, within the meaning of the former opinions of this court. The respondents appeared and waived an alternative writ.

After the opinions in the case referred to were certified to the trial court, the relators filed in the LaPorte Superior Court a verified petition and report accounting for "all of the remainder of the so-called fund, consisting of securities, intangibles and money in bank which was in possession of Emma Hutchinson at the time of her death," and asking authority to turn the same over to the children of William B. Hutchinson, Sr. The petition and report further listed all tangible personal property which was in the possession of Emma Hutchinson at the time of her death, in two schedules; the first, chattels in the home of Emma Hutchinson when she died, which she had purchased, made, or acquired, for comfort, enjoyment, and consumption, and not for investment, profit, or income-producing purposes, and not for use as household equipment, and which were strictly her personal property; and, the second, tangible personal property in the possession of Emma Hutchinson, which was part of her husband's estate, including all household furniture and equipment, regardless of when purchased. This petition and report seems to conform to the mandate of this court. Amy Hutchinson Arnt and Grace Hutchinson Hitchcock filed exceptions. The court ordered a hearing in order to pass upon the petition and report, and to allocate chattels in accordance with the mandate of this court. Thereupon the relators offered to prove that the items listed as personal to Emma Hutchin-

son were not part of the household equipment, but were acquired by her for her comfort, enjoyment, and consumption, and not for investment, profit, or income-producing purposes. The court refused to hear evidence concerning certain articles which were included in the findings of fact and conclusions of law in the trial of the case above referred to, and, by the response, says that "respondent conceived the law to be that inasmuch as this court in the opinions in the cause of *Hutchinson* v. *Arnt* aforesaid refused to grant a new trial upon the question, among others, of the true ownership of said chattels and directed the trial court to make its order as to such ownership that the trial court was bound by the previous findings of fact." In the principal case the judgment was reversed. In that case the administratrix *de bonis non* of the estate of William B. Hutchinson was seeking to recover from the estate of Emma Hutchinson, and the cause was tried upon the theory that Emma Hutchinson had converted the property of her husband's estate, and that, as to the household goods and equipment, she had comingled her own property with her husband's estate. Property in the home at the death of William B. Hutchinson was treated as property of his estate, and all household equipment in the home purchased after his death was treated as Emma Hutchinson's property. But, because of the comingling, the court found that all property in the home should be treated as property of the William B. Hutchinson estate, excepting only that which the administrators of the estate of Emma Hutchinson could establish to have been purchased after the death of William B. Hutchinson. By the opinions of this court, it was held that the case was tried upon the wrong theory, and that the estate of William B. Hutchinson was entitled to recover nothing; that there was no conversion; that, under the will of William B. Hutchinson, Emma Hutchinson was entitled to the use of the household equipment

during her lifetime, and that any replacements or equipment purchased and placed in the household as part of the household equipment should be treated as part of the corpus of the estate of William B. Hutchinson and should revert to the remaindermen; that a distinction should be made in respect to the strictly person effects of Mrs. Hutchinson. In the trial of the principal case no such distinctions were made, and no effort was made to determine the rights of the parties and the ownership of the property upon the basis of any such classification. The judgment was reversed in its entirety, but since the facts fully appeared, and all parties in interest were before the court in the trial, this court declared the rights of the parties in the premises and sought by mandate to effect a correct distribution of the property involved. It appeared then, and appears now, that but one question of disputed fact might arise, a question as to the proper allocation of the chattels in the home on the basis of the classification established by the opinions. That is a new question of fact that has not been determined. It arises, not in an action by the administratrix *de bonis non* of the estate of William B. Hutchinson, but upon the report of the administrators of the estate of Emma Hutchinson, and the controversy is between Mrs. Hutchinson's estate and the remaindermen, and must be determined by the court upon original evidence, upon the issue made by the report and the exceptions.

It does not follow, however, that a writ of mandate should issue. It is a new action upon issues not included in the former action. If evidence offered is rejected or refused upon an erroneous conception of the law, it is error, and the remedy is by appeal.

The petition for mandate is denied.